**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LAURA CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-01261 |
| | § | |
| ULTA BEAUTY COSMETICS, LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Laura Castillo ("Plaintiff" or "Castillo"), files this Complaint against Ulta Beauty Cosmetics, LLC ("Defendant" or "Ulta"), showing in support as follows:

## I.    NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2.    Plaintiff seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES

**A.    Plaintiff Laura Castillo**

3.    Plaintiff is an individual residing in Fort Bend County, Texas. Plaintiff has standing to file this lawsuit.

4.    Plaintiff began working for Defendant on or about March 2022. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about February 2024.

1

5.      At all times, Plaintiff was paid on an hourly basis of approximately $23.70/hour.

**B.      Defendant Ulta Beauty Cosmetics, LLC**

6.      Defendant is a limited liability company organized under the laws of the State of Delaware.

7.      At all times relevant to this lawsuit, Defendant has done business in the State of Texas.

8.      Defendant's principal place of business as listed with the Texas Secretary of State is 1000 Remington Boulevard, Suite 120, Bolingbrook, IL 60440.

9.      At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

10.      At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

11.      At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

12.      Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: selling beauty products moved in interstate commerce.

13.      Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include beauty products moved in interstate commerce.

14.      On information and belief, at all times relevant to this lawsuit, Defendant has had

2

annual gross sales or business volume in excess of $500,000.

15. Defendant may be served with summons through its registered agent Corporation Service Company DBA CSC – Law at 211 E. 7th Street, Suite 620; Austin, Texas 78701.

### III. JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

17. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

18. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV. FACTUAL BACKGROUND

19. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20. Plaintiff was employed by Defendant as an hourly paid retail sales manager in connection with its business of selling consumer beauty products. Her primary job duties involved selling beauty products to retail consumers.

21. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed approximately 45-52 hours of work for

Defendant on average. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each workweek.

22. Defendant required Plaintiff to perform many duties off-the-clock, including requiring her to clock out while performing work duties, unpaid work done from home, and unpaid transit to off-site meetings after Plaintiff had already clocked in for the day. This uncompensated work was more than de minimis and Defendant owes Plaintiff for hours worked off-the-clock over forty at the rate of time and one-half her regular rate of pay.

## V. FLSA CLAIMS FOR OVERTIME PAY

23. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24. At all relevant times, Defendant was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

25. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

26. Plaintiff was an employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

27. Plaintiff was not exempt from overtime under the FLSA.

28. At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek as employees of Defendant.

29. Defendant was required to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

30. Defendant failed to pay Plaintiff one and one-half times her regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

4

31.     Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

32.     Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half her regular rates of pay for all hours worked over forty in a seven-day workweek.

33.     Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

34.     Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     <u>JURY DEMAND</u>

35.     Plaintiff demands a jury trial.

## VII.     <u>DAMAGES AND PRAYER</u>

36.     Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including back wages;

   b. Liquidated damages in an amount equal to FLSA-mandated back wages;

   c. Legal fees;

   d. Costs;

e.  Post-judgment interest;

f.  All other relief to which Plaintiff may be justly entitled.


Dated:  March 17, 2025                    Respectfully submitted,

By:    s/Melinda Arbuckle
       Melinda Arbuckle
       Texas State Bar No. 24080773
       marbuckle@wageandhourfirm.com
       Ricardo J. Prieto
       Texas State Bar No. 24062947
       rprieto@wageandhourfirm.com
       **Wage and Hour Firm**
       5050 Quorum Drive, Suite 700
       Dallas, Texas 75254
       (214) 489-7653 – Telephone
       (469) 319-0317 – Facsimile

ATTORNEYS FOR PLAINTIFF

6