**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LAURA CASTILLO | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-01261 |
| | § | |
| ULTA BEAUTY COSMETICS, LLC, | § | |
| | § | |
| *Defendant.* | § | |

---

**Defendant's Answer**

---

Defendant Ulta Salon, Cosmetic & Fragrance, Inc. ("Defendant" or "Ulta"), incorrectly named as Ulta Beauty Cosmetics, LLC, files this Original Answer and Affirmative Defenses to Plaintiff Laura Castillo's Original Complaint [Dkt. No. 1] (the "Complaint"). As provided by Rule 8 of the Federal Rules of Civil Procedure, all allegations not expressly admitted herein are denied.

**Responses to Plaintiff's Allegations**

**I.       Nature of Action**

1.       Paragraph 1 does not contain a factual assertion to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to proceed as alleged but denies it violated the law, or that Plaintiff is entitled to any of the relief, outlined in Paragraph 1 of the Complaint.

2.       Paragraph 2 does not contain a factual assertion to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to proceed as alleged but denies it violated the law, or that Plaintiff is entitled to any of the relief, outlined in Paragraph 2 of the Complaint.

## II.    Parties

### A.    Plaintiff Laura Castillo

3.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore denies them.

4.    Defendant admits Plaintiff is a former employee. Defendant admits that Plaintiff began working for it on or about March 6, 2022. Defendant admits that Plaintiff stopped working for it on or about February 9, 2024.

5.    Defendant admits that Plaintiff was paid by the hour worked. Defendant admits that Plaintiff's hourly rate ranged from $23 to $24.70 per hour.

### B.    [Alleged] Defendant Ulta Beauty Cosmetics, LLC[1]

6.    Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.    Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.    Paragraph 9 contains a legal assertion or conclusion that does not require a response. To the extend Paragraph 9 is considered to contain factual allegations, Defendant admits it is engaged in commerce and covered by the FLSA.

10.    Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant admits the allegations contained in Paragraph 15 of the Complaint.

---

[1] Ulta Salon, Cosmetic & Fragrance, Inc. employed Plaintiff and is the proper party defendant. Ulta denies, however, it is liable to Plaintiff.

### III.    Jurisdiction and Venue

16.    Defendant admits that jurisdiction is proper and denies the alleged violations of law.

17.    Defendant admits personal jurisdiction is proper and denies the alleged violations of law.

18.    Defendant admits that venue is proper and denies the alleged violations of law.

### IV.    [Alleged] Factual Background

19.    Defendant incorporates by reference all of the foregoing responses to Plaintiff's allegations as if fully set forth herein.

20.    Defendant admits that it employed Plaintiff as an hourly retail sales manager in connection with its business of selling beauty products. Defendant denies all remaining allegations in Paragraph 20.

21.    Defendant admits that during her employment, Plaintiff worked more than 40 hours per workweek during her employment. Defendant denies all remaining allegations in Paragraph 21.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

### V.    FLSA Claims for Overtime Payment

23.    Defendant incorporates by reference all of the foregoing responses to Plaintiff's allegations as if fully set forth herein.

24.    Paragraph 24 contains a legal assertion or conclusion that does not require a response. To the extent Paragraph 24 is considered to contain factual allegations, Defendant admits it is an employer covered by the FLSA. Defendant denies all remaining allegations in Paragraph 24.

25.   Paragraph 25 contains a legal assertion or conclusion that does not require a response. To the extent Paragraph 25 is considered to contain factual allegations, Defendant admits it is engaged in commerce. Defendant denies all remaining allegations in Paragraph 24.

26.   Defendant admits Plaintiff was an employee of Ulta Salon, Cosmetic & Fragrance, Inc.

27.   Paragraph 27 contains a legal assertion and conclusion that does not require a response.

28.   Defendant admits that Plaintiff worked more than 40 hours in a workweek at times during her employment, as documented in its time and payroll records. Defendant denies all remaining allegations in Paragraph 28 of the Complaint.

29.   Paragraph 29 contains a legal assertion and conclusion that does not require a response. To the extent Paragraph 29 is considered to contain factual allegations, Defendant admits that it paid Plaintiff overtime for all hours worked over 40 in a workweek.

30.   Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.   Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.   Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.   Paragraph 33 does not contain a factual assertion to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to proceed as alleged but denies it violated the law, or that Plaintiff is entitled to any of the relief, outlined in Paragraph 33 of the Complaint. Defendant denies Plaintiff can establish that a three-year limitations period should apply to her claims.

34.   Paragraph 34 does not contain a factual assertion to which a response is required. To the extent a response is required, Defendant admits that Plaintiff purports to proceed as alleged

4

but denies it violated the law, or that Plaintiff is entitled to any of the relief, outlined in Paragraph 34 of the Complaint.

### VI.     [Plaintiff's] Jury Demand

35.     Defendant admits that Plaintiff has demanded a jury.

### VII.     [Alleged] Damages

36.     Defendant denies that Plaintiff is entitled to any of the relief sought in the Complaint or to any relief whatsoever from Defendant.

### Defendant's Defenses

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Defendant and that are Plaintiff's burden to prove. Defendant reserves the right to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

1.     Plaintiff's Original Complaint fails in whole or in part to state a claim or cause of action for which relief may be granted.

2.     Plaintiff is not entitled to the damages sought because at all times Defendant acted in good faith in the belief that it was not in violation of any of the provisions of the Fair Labor Standards Act ("FLSA") or any applicable state law.

3.     Plaintiff is not entitled to attorney's fees and costs because Defendant complied with all federal laws and at all times acted in good faith.

4.     The claims of Plaintiff are limited by the applicable statute of limitations. Plaintiff cannot establish a violation of the FLSA, willful or otherwise, and therefore is only entitled to a two-year limitations period.

5.    Defendant's actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

6.    Defendant did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law, nor did it exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

7.    Defendant acted at all times in good faith and in conformity with and in reliance on the written administrative regulation, order, ruling, approval, investigations, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

8.    The claims of Plaintiff are barred in whole or in part because they seek to recover damages for time allegedly worked that is de minimis and therefore not compensable under the FLSA or any other state law.

9.    Plaintiff's claims fail because at all times Plaintiff was paid all compensation due and owing in accordance with applicable law.

10.    Any claims for overtime compensation and/or liquidated damages are barred or subject to offset by all wages already paid or other compensation provided.

11.    Any claims for recovery of overtime compensation and/or liquidated damages are barred for hours allegedly worked without Defendant's actual or constructive knowledge.

12.    To the extent Plaintiff is entitled to any additional alleged overtime pay, Plaintiff would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

13.    Any preliminary and/or postliminary time for which Plaintiff seeks compensation is non-compensable and barred by the Portal-to-Portal Act, including 29 U.S.C. § 254.

14.     Similarly, Plaintiff is not entitled to compensation for any non-compensable travel time.

15.     Plaintiff is not entitled to compensation for time spent on activities that were not compensable work and that were not an integral and indispensable part of their principal job duties.

16.     All or part of each claim asserted by Plaintiff is barred by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

17.     The claims of Plaintiff are barred by the doctrines of waiver and release, and accord and satisfaction.

18.     The claims of Plaintiff are estopped and/or barred by her own conduct.

19.     At all times, Defendant's actions were lawful, justified, and made in good faith.

20.     To the extent Plaintiff has mitigated her damages, or had interim earnings since her separation from Defendant, Defendant is entitled to offset those amounts Plaintiff has earned.

### Conclusion and Prayer

Wherefore, having fully answered Plaintiff's Original Complaint and asserted its defenses, Defendant respectfully requests that Plaintiff's Original Complaint be dismissed with prejudice, that Plaintiff take nothing by her claims, and that the Court enter an order granting Defendants any such relief, at law or in equity, as may be just and proper.

Respectfully submitted,

**Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.**

*/s/  Stephen J. Quezada*

Stephen J. Quezada
Texas Bar No.: 24076195
SDTX No.: 1348753
One Allen Center
500 Dallas Street, Suite 2100
Houston, Texas 77002
713-655-5757 (Phone)
713-655-0020 (Fax)
stephen.quezada@ogletree.com

**Attorney-in-Charge for Defendant**

**Of Counsel:**

Brooke Jones
Texas Bar No.: 24107537
SDTX No.: 3342076
brooke.jones@ogletree.com
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
One Allen Center
500 Dallas St., Ste. 2100
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)

8

**<u>Certificate of Service</u>**

I hereby certify that a true and correct copy of the above and foregoing instrument has been served via the Court's electronic filing system on this 21st day of April 2025 upon all counsel of record.

Melinda Arbuckle
Texas Bar No.: 24080773
marbuckle@wageandhourfirm.com
Ricardo J. Prieto
Texas Bar No.: 24062947
rprieto@wagenadhourfirm.com
Wage and Hour Firm
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
241-489-7653 (Phone)
469-319-0317 (Fax)

Attorneys for Plaintiff

*/s/ Stephen J. Quezada*
Stephen J. Quezada